**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DANNIE G. NEAL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:11-CV-1436-M-BF |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for recommendation is the June 6, 2011 Motion to Dismiss and Alternative Motion for a More Definite Statement of Defendant Home Depot U.S.A., Inc. Plaintiff filed a response which is of no assistance to the Court in determining if this Court has subject matter jurisdiction over Plaintiff's claims or even if Plaintiff states a claim. Defendant seeks dismissal or alternatively, a more definite statement based on the fact that Plaintiff's complaint is incomprehensible.

**Motion to Dismiss**

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S.

at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id.* at n3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

## Motion for More Definite Statement

A party may move for a more definite statement before interposing a responsive pleading "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED.R.CIV.P. 12(e). "[M]otions for a more definite statement are generally disfavored," and "[w]hether to grant a motion for a more definite statement is a matter within the discretion of the trial court." *Travelers Indem. Co. of Connecticut v. Presbyterian Healthcare Res.*, 313 F.Supp. 2d 648, 654 (N.D. Tex. 2004).

Plaintiff is proceeding *pro se*; therefore, the court must construe the allegations in the complaint liberally. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.,* 7 F.3d 71, 75 (5th Cir.1993) (per curiam). Courts usually construe a *pro se* plaintiff's brief more permissively and make more allowances. *AMX, Int'l, Inc.,* 7 F.3d at 75. "[P]*ro*

2

se litigant[s][are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe,* 449 U.S. at 9). A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Accordingly, courts will give a plaintiff the opportunity to amend a complaint if the deficiencies might be overcome.

## **Plaintiff's Allegations**

Plaintiff, a customer of Home Depot, includes a seven-page litany of things he alleged happened to him when he was shopping in Home Depot, but none of these facts states a claim over which this Court has jurisdiction. Plaintiff claims Home Depot employees followed him around on January 17, 2011 but failed to assist him with his purchase of lumber. He contends that on April 12, 2010, Home Depot employees followed him around and assisted him too much. He claims that in a phone conversation on January 17, 2011, a Home Depot employee accused him of stealing a check and gift card. He claims these incidents caused him emotional distress and mental anguish and seeks $300,000 in damages.

Neither federal nor Texas law grants a customer of a store a cause of action against the store for discrimination, harassment, or retaliation based upon poor customer service. As to the defamation claim, defamation requires that a false statement be published. An accusatory phone call from Defendant to Plaintiff does not constitute publication. In sum, Plaintiff states no facts that would state a claim against Defendant. This Court agrees with Defendant's assessment that it is unable to formulate a response and defenses unless Plaintiff states sufficient pertinent facts to raise the right to relief above the speculative level and shows the grounds of his entitlement to relief in

3

this Court. Accordingly, since Plaintiff is proceeding pro se, the District Court should allow Plaintiff twenty days to file a first amended complaint that complies with FED. R. CIV. P. 8 and that states what Plaintiff claims Defendant allegedly did, or failed to do, that caused it to be liable to Plaintiff under federal law.

### Recommendation

The District Court should deny without prejudice Defendant's motion to dismiss and grant the alternative motion for more definite statement (doc. 4). The District Court should allow Plaintiff twenty days from the date of the District Court's Order to file a First Amended Complaint which includes the specific claim or claims that he is alleging against Defendant and the allegations of material fact that support those claims and which would raise his right to relief above the speculative level.

Signed, October 6, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).