IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANNIE G. NEAL, ) | |
|     Plaintiff, ) | |
| v.   ) | Civ. Action No.  3:11-CV-01436-M |
| ) | |
| HOME DEPOT U.S.A., INC., ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court for consideration is the Motion for Summary Judgment of Defendant Home Depot U.S.A. Inc. ("Defendant"). On December 23, 2011, Plaintiff responded to Home Depot's Motion for Summary Judgment. (Doc.38). In Plaintiff's Response, he argues that the Motion for Summary Judgment should be denied because of Defendant's alleged failure to timely provide written discovery responses. In other words, Plaintiff does not point to any genuine issues of material fact that would preclude the Court from granting summary judgment in favor of Defendant in this case.

**Standard of Review**

Summary judgment is appropriate when the pleadings and the evidence show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986); *Melton v. Teachers Ins. & Annuity Assoc. of Am.*, 114 F.3d 557, 559 (5th Cir. 1997). The applicable substantive law identifies those facts that are material, and only disputes about material facts will preclude the granting of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). There is a genuine issue of fact if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Society of Fin. Examiners v. Nat'l Ass'n of Certified Fraud Examiners, Inc.,* 41 F.3d 223, 226

(5th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of fact for trial. *National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 712 (5th Cir. 1994). Where the nonmoving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing an absence of evidence in support of the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once a properly supported motion for summary judgment is presented, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *Elliott v. Lynn*, 38 F.3d 188, 190 (5th Cir. 1994)(citing *Anderson* , 447 U.S. at 249). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Since Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). Courts will give a plaintiff the opportunity to amend a complaint if the deficiencies in the Complaint may be overcome.

In this case, Plaintiff filed a First Amended Complaint without leave on October 17, 2011. (District Court Order, Nov. 17, 2011.) The District Court told Plaintiff that if he intended to amend to provide short, concise allegations of material fact that support those claims and which would raise his right to relief above the speculative level, he should do so by November 30, 2011. (*Id.*) Plaintiff chose to stand on his October 17, 2011 First Amended Complaint. Accordingly, the Court finds that Plaintiff has stated his best case.

2

**Analysis**

Plaintiff contends he was a customer of Home Depot, and while he was shopping, Home Depot employees caused him to endure discrimination, harassment, retaliation and defamation. Plaintiff alleges the employees were motivated by tort, violated his civil rights, and violated his rights under Title VII. He accuses Defendant's employees of either ignoring him or following him too closely on various occasions.

Title VII makes it unlawful for an employer to discriminate against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a)(1).

Title VII provides a cause of action for employees whose rights have been violated by their employer. Plaintiff was not an employee of Home Depot. Rather, he was a customer. As such, Defendant is is entitled to judgment as a matter of law on any Title VII claim Plaintiff has attempted to allege.

To obtain relief under 42 U.S.C. § 1983 for violation of his civil rights, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress*

*& Co.*, 398 U.S. 144, 169 (1970). For violation of his civil rights, Plaintiff must allege that his rights were violated by someone acting under color of state law. In this case, there is no state actor involved, just Plaintiff and employees of Home Depot. Accordingly, Defendant is entitled to judgment as a matter of law on any of Plaintiff's claimed civil rights violations.

With respect to Plaintiff's claim for defamation, under Texas law a defamation claim accrues when the matter is published or circulated. *Roe v. Walls Reg'l Hosp., Inc.,* 21 S.W.3d 647, 651 (Tex.App.-Waco 2000, no pet.). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) (Vernon 1986). Plaintiff alleges that between May 31, 2009 and July 20, 2009, Defendant's employee accused him of not paying for merchandise in front of other Home Depot customers. Assuming he is alleging a publication, this claim would be barred by the one year statute of limitation since Plaintiff filed suit in state court on June 2, 2011. (Not. of Rem., doc. 1.) With regard to Plaintiff's allegation that an employee accused him of stealing a check and gift card between January 17, 2011 and January 20, 2011, Plaintiff has not alleged that the statement was published. He claims these statements were communicated only to Plaintiff and not to any third person. (Pl.'s Am. Compl. at 2.) Accordingly, Plaintiff has failed to raise a genuine issue of material fact with respect to his defamation claims. Defendant is entitled to summary judgment on those claims.

Plaintiff's First Amended Complaint shows that there are no genuine issues of material fact regarding any of Plaintiff's claims and that Defendant is entitled to judgment as a matter of law. Summary judgment is proper because Plaintiff has not pointed to any evidence that would support any cause of action recognized under Texas or federal law.

### Recommendation

The Court recommends that Defendant's Motion for Summary Judgment be granted and that

Plaintiff take nothing by way of this cause of action against Defendant. This case should be returned to the District Judge.

    SO RECOMMENDED, January 5, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE